Charles Anthony Shaw, Esq. (003624)
**LAW OFFICES OF**
**CHARLES ANTHONY SHAW, PLLC**
140 NORTH GRANITE STREET
PRESCOTT, ARIZONA  86301
Telephone:  (928) 778-0801
E-Mail: tony@cashawlaw.com

Michael A. Shaw, Esq. (022021)
**SHAW LAW FIRM, P.L.L.C.**
698 COVE PARKWAY, SUITE A
COTTONWOOD, AZ 86326
Telephone: (928) 646-0369
E-Mail: admin@shawlawfirmaz.com

Glynn W. Gilcrease, Jr., #003407
**LAW OFFICE OF**
**GLYNN W. GILCREASE, JR., PC**
440 E. SOUTHERN AVENUE
TEMPE, AZ 85282
Telephone: (480) 897-0990
E-Mail:  Glynn@gilcreaselaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anita J. Scarim,<br><br><br>      Plaintiff,<br>vs.<br><br>Charles L. Ryan, et al.,<br><br><br>      Defendants. | No. CV 11-01736-PHX-SRB<br><br>**PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF HER PRIOR CRIMINAL CONVICTIONS** |

Plaintiff, through undersigned counsel and pursuant to Federal Rules of Evidence 609 and 403, respectfully moves this Court, *in Limine*, to preclude from trial evidence that she has been convicted of three counts of "theft" in the Yavapai County Superior Court, which convictions resulted in her prison sentence in the Arizona Department of Corrections.

This Motion is fully supported by the attached memorandum of points and authorities, which is incorporated into this motion by this reference.

RESPECTFULLY SUBMITTED this 30th day of September, 2013.

**SHAW LAW FIRM, P.L.L.C.**

By    *s/ Michael Anthony Shaw*
     Michael Anthony Shaw, Esq.
     698 Cove Parkway, Ste. A
     Cottonwood, AZ   86326

**LAW OFFICES OF CHARLES A. SHAW, P.L.L.C.**
Charles Anthony Shaw, Esq.
140 N. Granite Street
Prescott, AZ 86301

**LAW OFFICE OF GLYNN W. GILCREASE**
Glynn W. Gilcrease, Jr.
440 E. Southern Avenue
Tempe, AZ  85282

*Attorneys for Plaintiff, Anita Scarim*

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Anita Scarim was convicted in Yavapai County Superior Court Cause No. CR820080242 for three counts of theft, in violation of Arizona Revised Statutes § 13-1802(A)(2).  She was sentenced to serve three years in the Arizona Department of Corrections for these offenses, with sentencing to run concurrently for all three charges.  Arizona Revised Statutes § 13-1802(A)(2) proscribes conduct when a person "without lawful authority…knowingly…converts for an unauthorized term or use services or property of another entrusted to the defendant…for a limited, authorized term or use…."

Because "theft" in Arizona is not a crime that can "readily…be determined" is a crime involving dishonesty or a false statement, Federal Rules of Evidence 609(a)(1) and 403 mandate that evidence of a prior conviction for that crime is inadmissible if its "probative value is substantially outweighed" by its prejudicial effect to Mrs. Scarim.  Fed. R. Evid. 609(a)(1), 609(a)(2) and 403.  The elements of theft in Arizona contain no mention of dishonesty or false statements.

In this case, it is readily apparent that the three prior theft convictions would be extremely prejudicial to Ms. Scarim, and have very little probative value on the central issue in this case, namely, whether Ms. Scarim received Constitutionally-mandated health care while in the Arizona Department of Corrections.  Evidence of the three prior theft convictions should be excluded pursuant to Rule 403, because whatever tiny probative value the convictions might have is substantially outweighed by the danger that the jury will disbelieve Mrs. Scarim solely because of them.

Unfair prejudice includes "generalizing a [party's] earlier bad act into bad character," and inflaming the emotions of the jury by implying that a person with a

prior conviction should never be believed.  <u>Old Chief v. United States</u>, 519 U.S.
172, 180-81, 117 S.Ct. 644, 652 (1997).  Put simply, jurors are likely to put too
much emphasis on prior criminal history.  Such evidence will often "overpersuade
[sic] them as to prejudge [the convicted party] with a bad general record and deny
him a fair opportunity to [present his side of the case]."  <u>Id</u>. (quoting <u>Michelson v.
United States</u>, 335 U.S. 469, 475-76 (1948)).

  Additionally, Federal Rule of Evidence 404(b) specifically disallows the use
of evidence of other crimes, wrongs or acts to prove the character of a person "in
order to show action in conformity therewith."  <u>Fed</u>. <u>R</u>. <u>Evid</u>. 404(b) (none of that
Rule's exceptions apply in this case).  This Rule was established to prevent the
precise type of unfair prejudice that would occur in Mrs. Scarim's case if her three
prior theft convictions were permitted as impeachment evidence against her in this
civil law suit for damages due to her deteriorating medical condition in the Arizona
Department of Corrections.

  A 7th Circuit opinion, which has been cited in the 9th Circuit, provides
guidance to assist district judges when confronted with a Rule 609 motion to
preclude evidence of a witness' prior criminal convictions.  <u>See</u> <u>United States v.
Cook</u>, 608 F.2d 1175, 1188, n. 8 (9th Cir. 1979) (citing <u>United States v. Mahone</u>,
537 F.2d 922, 929 (7th Cir. 1976)).  The <u>Mahone</u> Court found that the proponent of
introducing the evidence of prior convictions (in Mrs. Scarim's case, the
Defendants) had the burden of establishing the admissibility of those prior
convictions.  <u>Id</u>.  The factors to be considered by the district judges are: 1) the
impeachment value of the prior crime(s), 2) the point in time of the conviction and
the witness' subsequent history, 3) the similarity between the past crime and the

crime currently charged, 4) the importance of the [convicted person's] testimony, and 5) the centrality of the credibility issue.  Id.

In the case at bench, Mrs. Scarim's prior criminal convictions for theft have little to no impeachment value to the issues in this case.  Importantly, theft crimes, like shoplifting, are not crimes involving "dishonesty or false statements."  United States v. Ortega, 561 F.2d 803, 806 (9th Cir. 1977) (dishonesty is involved in crimes like perjury, false swearing, false pretense, and the like, but is not involved in taking the property of another).

Regarding factor numbered two above, Mrs. Scarim was convicted in 2008 for these crimes and has committed no new crimes since her release from prison in 2010.  Mrs. Scarim is not being charged with a crime currently, so factor numbered three has no bearing on this case (factor three generally only applies in criminal cases, unlike this case).  Regarding factor numbered four, Mrs. Scarim's testimony is important, but she is not the only witness testifying on her behalf.  Dr. Samanta will support her testimony regarding her medical condition, treatment for that condition, and the pain and suffering she has endured.  Similarly, fact witnesses, such as Roger Scarim, Nicole Florisi, Amy Bayless, and Elizabeth Dudney, will support her testimony regarding her physical condition before, during and after her release from prison.  Those witnesses have clean criminal records and two of them are sworn Arizona police officers.  Finally, concerning factor numbered five, as mentioned above, Mrs. Scarim's prior criminal convictions for theft have absolutely nothing to do with the central issue in this case: her medical care in prison.

Put simply, whatever tiny probative value the prior theft convictions might have is enormously outweighed by the danger of unfair prejudice that Mrs. Scarim would endure were they admitted into evidence.  This case is not about her theft

charges.  She plead guilty to those offenses, and served her prison time as punishment for those offenses.  This case is about her lack of appropriate medical care in prison.

In the event that this Court decides that the prior convictions may be used to impeach Mrs. Scarim's testimony at trial, Mrs. Scarim requests that the Court use its discretion to "sanitize" the prior convictions.  The Court can reduce the risk of prejudice to a defendant by admitting only the fact of a prior conviction without disclosing to the jury the nature of the crime(s).  United States v. Martinez-Martinez, 369 F.3d 1076, 1088 (9th Cir. 2004); United States v. Hursh, 217 F.3d 761, 768 (9th Cir. 2000).  The decision whether to have a prior conviction sanitized, if the conviction is allowed into evidence at all, should be made by the party with the conviction.  Id.

RESPECTFULLY SUBMITTED this 30th day of September, 2013.

**SHAW LAW FIRM, P.L.L.C.**


By   *s/ Michael Anthony Shaw*
         Michael Anthony Shaw, Esq.
         698 Cove Parkway, Ste. A
         Cottonwood, AZ   86326

**LAW OFFICES OF CHARLES A. SHAW, P.L.L.C.**
Charles Anthony Shaw, Esq.
140 N. Granite Street
Prescott, AZ 86301

**LAW OFFICE OF GLYNN W. GILCREASE**
Glynn W. Gilcrease, Jr.
440 E. Southern Avenue
Tempe, AZ  85282

*Attorneys for Plaintiff, Anita Scarim*

6

**CERTIFICATION OF SERVICE**

I hereby certify that on September 30, 2013, I electronically transmitted the foregoing document to the Clerk of Court using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Jeffrey J. Campbell
Mary G. Isban
CAMPBELL, YOST, CLARE & NORELL, P.C.
101 N. First Ave., Suite 2500
Phoenix, AZ 85003
misban@cycn-phx.com
Attorneys for Defendants

I further certify that on this 30th day of September, 2013, I mailed a copy of this document to the following:

HONORABLE SUSAN R. BOLTON
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 522
401 West Washington Street, SPC 50
Phoenix, AZ 85003-2153

_s/ Cheri Baker_
Cheri Baker